PER CURIAM.
The appellant was charged by information with murder in the second degree. When tried thereon he was convicted of murder in the third degree. On this appeal therefrom by the defendant it is contended the evidence is insufficient to sustain the conviction. Upon consideration thereof in the light of the record and briefs we hold that contention is without merit.
It was shown by the state, without contradiction, that the defendant shot and killed the victim. However, the appellant argues that the evidence established the homicide was justifiable, as having been committed in self-defense. See § 782.02 (2) (b) Fla.Stat., F.S.A.
On the evidence submitted the trier of the facts was clearly entitled to find against the defendant on the issues relating to self-defense. The victim, with a woman companion, entered defendant’s premises seeking to rent a room. An argument ensued over the amount to be paid therefor. In the course of the argument the victim pulled a gun on the defendant, and threatened to shoot him. While the discussion was in progress the woman departed. When the argument ended the victim also departed, after announcing a further threat that he would return and rob and kill the defendant. After the victim went out the defendant remained inside, and locked the door. The defendant then went up to the second floor, obtained a shotgun, and went onto an upstairs porch from where he shot twice at the victim as the latter was leaving the yard and preparing to depart by automobile. The defendant stated that before he fired, the victim turned on him with a gun. A witness testified that the victim did not turn until after the defendant had fired one shot, and that the victim was felled by a second shot fired by the defendant from the upstairs porch. On those facts, elements necessary to make out justifiable homicide by self-defense were lacking. See Ward v. State, 75 Fla. 756, 79 So. 699, 706-707; Linsley v. State, 88 Fla. 135, 101 So. 273, 274-275; State v. Coles, Fla.1956, 91 So.2d 200, 203.
Affirmed.